IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT
WACO DIVISION

| | |
|---|---|
| EMMA MANNING, )<br>    )<br>    Plaintiff, )<br>    )<br>v. )<br>    ) No. 6:22-cv-01085<br>BAYLOR UNIVERSITY AND )<br>RICHARD WAYNE EASLEY )<br>D/B/A STONEGATE STABLES, )<br>    Defendants. ) | |

### JOINT FED. R. CIV. P. 26 REPORT

COME NOW Defendant Baylor University, Defendant Richard Wayne Easley d/b/a Stonegate Stables, and Plaintiff Emma Manning, and in accordance with the Court's Order, file this their Joint Federal Rule of Civil Procedure 26 Report and respectfully show as follows:

**1. What are the Causes of Action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

The Cause of Action is Personal Injury based on negligence and/or premises liability stemming from an Equine incident. The event occurred while Plaintiff was riding a horse while participating in the Western Riding Association a student organization at Baylor University. The incident occurred at Defendant Stonegate Stables' premises. In addition to negligence and premises liability, Plaintiff maintains causes of actions under TEX. CIV. PRAC. & REM. CODE § 87.004. Chapter 87 entails tort liability arising from farm animals.

No Defendant has asserted counterclaims against Emma Manning and there are no crossclaims pending against any party, currently.

Defendant Richard Wayne Easley, d/b/a Stonegate Stables, in his defensive capacity maintains the Plaintiff assumed the risk associated with the alleged injury as well as discharged, released and forever held harmless Stonegate Stables. And that Plaintiff did so knowingly, willingly and intentionally prior to any of the alleged injury complained of in Plaintiff's complaint.

Baylor has filed, and continues to maintain an Amended Motion to Dismiss, thus it has not yet filed an Answer. Baylor denies any liability, and urges common law and

statutory defenses that bar Plaintiff's claims as shown in its Amended Motion to Dismiss, and Baylor intends to name the Western Riding Association and/or its officers as responsible third parties. Should Baylor be required to file an Answer at a later date, Baylor anticipates pleading the defenses of Waiver and Release due to Plaintiff assuming the risk associated with the alleged injury as well as having discharged, released and forever holding Baylor harmless. And that Plaintiff did so knowingly, willingly and intentionally prior to any of the alleged injury complained of in Plaintiff's complaint.

One dispositive motion has been filed and is ripe for consideration by the Court at this time:

Doc. 13    Defendant Baylor University's Amended Motion to Dismiss Plaintiff's First Amended Complaint and Reply to Plaintiff's Response.

**2.     Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

The parties agree that the amount in controversy exceeds $75,000.00.

**3.     Are there any unserved parties? If more than 90 days has passed since the filing of the complaint or petition, should these unserved parties be dismissed?**

None.

**4.     Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

The parties will investigate possible stipulated facts, but are unaware of any such facts at the present.

**5.     Are there any legal issues in this case that can be narrowed by agreement or by motion?**

None at this time.

**6.     Are there any issues about preservation of discoverable information?**

There are none known at this time.

**7.     Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

The parties do not anticipate any material issues regarding ESI at this time.

**8.     What are the subjects on which discovery may be needed?**

The parties believe the subjects of discovery include the Plaintiff's testimony, including all relevant background information related to the activity forming the basis of the complaint; claims against the Defendants in suit, medical and factual evidence in support of her claim/s and alleged injuries; potential witnesses to Plaintiff's alleged incident, as well as witnesses to Plaintiff's background, experience or otherwise, relevant to the activity forming the basis of her complaint; Defendants' testimony and documents regarding the Western Riding Association, Defendants' training and supervision, Baylor University's policies and procedures that guide student organizations, contracts between Defendants, Defendants' efforts to provide Plaintiff with sufficient equipment or tack to safely participate in riding the horse, Defendants' efforts to provide Plaintiff with a horse that would safely participate in a horse ride, Defendants' efforts to make a reasonable and prudent efforts to determine Plaintiffs' ability to safely manage the horse during the ride, Defendants' efforts to keep the premises safe, and all relevant documents and testimony in support of Defendants' defenses and/or supportive documents to Defendants' anticipated dispositive motions.

**9.     Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

The parties have exchanged initial disclosures. Plaintiff served discovery on all Defendants and the agreed time to respond to that discovery is November 3, 2023. Defendants will likewise serve written discovery on Plaintiff.

**10.    What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

No discovery has been completed at this time other than Initial Disclosures. The parties have agreed to exchange written discovery for interrogatories and document production. Lastly, the parties agree to conduct discovery in phases.

**11.    What, if any, discovery disputes exist?**

None at this time.

**12.    Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

Yes, the parties have discussed but do not currently need the Court's intervention under Rule 502.

13. **Have the parties discussed early mediation?**

The parties have discussed early mediation and are in agreement that early mediation will be considered after written and initial discovery has been completed and/or in response to the Court's ruling on any pending dispositive motions.

14. **Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

The parties are discussing the potential need of a Protective Order. However, the parties agree and request the Court's attention to the pending motion/s, including:

Doc. 13   Defendant Baylor University's Amended Motion to Dismiss Plaintiff's First Amended Complaint and Reply to Plaintiff's Response.

Respectfully submitted,

COZEN O'CONNOR

*/s Michael Burke*
Michael M. Burke
Texas State Bar No. 24073979
1717 Main Street, Suite 3100
Dallas, Texas 75201
Telephone:  (214) 462-3000
Telecopier:  (214) 462-3299
E-mail: mmburke@cozen.com

**ATTORNEY FOR DEFENDANT RICHARD WAYNE EASLEY D/B/A STONEGATE STABLES**

*-and-*

**BEARD KULTGEN BROPHY BOSTWICK & DICKSON, PLLC**

By: */s/ Mark E. Firmin*
Andy E. McSwain
Attorney-in-Charge
State Bar No. 13861100
Mark E. Firmin
State Bar No. 24099614

220 South Fourth Street
Waco, Texas 76701
Telephone: (254) 776-5500
Facsimile: (254) 776-3591
mcswain@thetexasfirm.com
firmin@thetexasfirm.com

ATTORNEYS FOR DEFENDANT
BAYLOR UNIVERSITY

*-and-*

C<small>LARK</small> │ <small>VON</small> P<small>LONSKI</small> │ A<small>NDERSON</small>

By: */s/ R. Connor Barbe*
**COLLEN A. CLARK**
State Bar No. 04309100
**R. CONNOR BARBE**
State Bar No. 24108598
3500 Maple Avenue, Suite 1250
Dallas, Texas 75219
214-780-0500
214-780-0501 Facsimile
e-service – eservice@cvpalaw.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 2nd day of November, 2023, a true and correct copy of the foregoing was served by e-filing addressed all counsel of record.

*/s/ Mark E. Firmin*
Mark E. Firmin