IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| EMMA MANNING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 6:22-cv-01085-ADA-DTG |
| | § | |
| BAYLOR UNIVERSITY, et al., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION DENYING-AS-MOOT
DEFENDANT BAYLOR UNIVERSITY'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT (ECF NO. 13)**

**TO:   THE HONORABLE ALAN D ALBRIGHT,
        UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant Baylor University's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 13). For the reasons discussed below, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remand be **DENIED-AS-MOOT.**

## I.   BACKGROUND

This is a suit brought by Plaintiff Emma Manning against Defendant Baylor University, among other defendants, for negligence, premises liability, negligent training, and negligent supervision. ECF No. 27.

On December 9, 2022, Defendant moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss all claims alleged against Defendant in Plaintiff Amended Complaint. ECF No. 13.

Plaintiff responded on January 5, 2023. ECF No. 17. On January 11, 2023, Defendant replied. ECF No. 18. Since then, Plaintiff has amended her complaint three times. ECF No. 27.

## II.   LEGAL STANDARD

Defendant moved to dismiss Plaintiff's First Amended Complaint under Rule 12(b)(6). The law governing Defendant's Motion is well-known. To survive a motion under Rule 12(b)(6), a complaint must only include sufficient facts to state a plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Facial plausibility exists if the alleged facts create a reasonable inference that the movant is liable for the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Importantly, the Court is required to look only at the pleadings unless it converts the motion to dismiss into a motion for summary judgment and allows the parties a reasonable opportunity to present all pertinent information. Fed. R. Civ. P. 12(d).

## III.   DISCUSSION

Plaintiff's Fourth Amended Complaint renders the original complaint of no legal effect because the amended complaint does not refer to, adopt, or incorporate by reference the original complaint. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Generally, an amended complaint renders pending motions moot. *See Cedillo v. Standard Oil Co. of Tex.*, 261 F.2d 443 (5th Cir. 1958) (finding that the district court erred in granting an abandoned motion to dismiss). But where a motion to dismiss attacks the original complaint for deficiencies that persist in the amended complaint, the Court has discretion to apply the original motion to dismiss to the amended complaint. *New World Int'l, Inc. v. Ford Glob. Techs.*, No. 3:16-CV-1112-M, 2017 WL 1078525, at *5 (N.D. Tex. Mar. 22, 2017). Here, because Plaintiff has amended her complaint three times since Defendant filed its motion to dismiss, the Court in its discretion recommends that the Motion be **DENIED-AS-MOOT**.

## IV. RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Defendant Baylor University's Motion to Dismiss (ECF No. 13) be **DENIED-AS-MOOT** and without prejudice to refiling a motion to dismiss Plaintiff's Fourth Amended Complaint.

## V. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

SIGNED this 3rd day of March, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE